IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA M. GIBSON,

        Plaintiff,

v.                               Case No. 6:20-CV-02216-CEM-LRH

AMERICAN EXPRESS COMPANY, and
TRANS UNION, LLC,

        Defendants.

**DEFENDANT TRANS UNION LLC'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, Trans Union LLC ("Trans Union"), one of the Defendants herein, and files its Answer and Defenses to the Complaint ("Complaint") filed by Patricia M. Gibson ("Plaintiff"). The paragraph numbers below correspond to the paragraph numbers contained in the Plaintiff's Complaint to the extent possible.

**PRELIMINARY STATEMENT**

1. The provisions of the FCRA and case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 1 of the Complaint.

2. The provisions of the FCRA and case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 2 of the Complaint.

3. The provisions of the FCRA and case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 3 of the Complaint.

4. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, denies same.

5. The provisions of the FCRA and case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 5 of the Complaint.

6. Trans Union denies the allegations contained in paragraph 6 of the Complaint.

7. Trans Union denies the allegations contained in paragraph 7 of the Complaint.

8. Trans Union denies the allegations contained in paragraph 8 of the Complaint.

9. Trans Union denies the allegations contained in paragraph 9 of the Complaint.

## THE PARTIES

10. Trans Union admits that Plaintiff is a natural person and "a consumer" as defined by 15 U.S.C. § 1681a(c).  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies same.

11. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies same.

12. Trans Union admits that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois.  Trans Union admits that it is a "consumer reporting agency" as defined by applicable law.  Trans Union also admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties.  Trans Union denies the remaining allegations contained in paragraph 12 of the Complaint.

## JURISDICTION AND VENUE

13. Trans Union admits that pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, jurisdiction is proper in this Court.

14. Trans Union admits, solely based on the allegations contained in the Complaint, that venue is proper in this District.

## TRANS UNION'S LEGAL OBLIGATION TO REINVESTIGATE CONSUMERS' DISPUTES

15. The provisions of the FCRA and case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 15 of the Complaint.

16. Trans Union admits that its consumer reports contain inquiries. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint and, therefore, denies same.

17. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies same.

18. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies same.

19. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, therefore, denies same.

20. The provisions of the FCRA and case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 20 of the Complaint.

21. Trans Union denies the allegations contained in paragraph 21 of the Complaint.

22. Trans Union denies the allegations contained in paragraph 22 of the Complaint.

23. The provisions of the FCRA and case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 23 of the Complaint.

24. Publications by the FTC are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 24 of the Complaint.

25. The provisions of the FCRA and case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 25 of the Complaint.

26. The provisions of the FCRA and case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 26 of the Complaint.

27. Trans Union denies the allegations contained in paragraph 27 of the Complaint.

28. Trans Union denies the allegations contained in paragraph 28 of the Complaint.

**FACTS**

29. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and, therefore, denies same.

30. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, therefore, denies same.

31. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and, therefore, denies same.

32. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and, therefore, denies same.

33. Trans Union admit that on December 4, 2018, it sent Plaintiff a copy of her consumer disclosure. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33 of the Complaint and, therefore, denies same.

34. Trans Union admits that Plaintiff's December 4, 2018, consumer disclosure contained an account review inquiry from American Express dated November 6, 2018. Trans

Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34 of the Complaint and, therefore, denies same.

35. Trans Union denies the allegations contained in paragraph 35 of the Complaint.

36. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and, therefore, denies same.

37. Trans Union admits that on December 27, 2018, and February 11, 2019, it received correspondence from Plaintiff regarding an American Express inquiry dated November 6, 2018. Trans Union denies the remaining allegations contained in paragraph 37 of the Complaint.

38. Trans Union denies the allegations contained in paragraph 38 of the Complaint.

39. Trans Union denies the allegations contained in paragraph 39 of the Complaint.

40. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and, therefore, denies same.

41. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and, therefore, denies same.

42. Trans Union admits that on March 13, 2019, it sent Plaintiff a copy of her consumer disclosure. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 42 of the Complaint and, therefore, denies same.

43. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and, therefore, denies same.

44. Trans Union denies the allegations contained in paragraph 44 of the Complaint.

45. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and, therefore, denies same.

46. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and, therefore, denies same.

47. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and, therefore, denies same.

48. Trans Union admits that on June 2, 2020, it sent Plaintiff a copy of her consumer disclosure. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48 of the Complaint and, therefore, denies same.

49. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and, therefore, denies same.

50. Trans Union denies the allegations contained in paragraph 50 of the Complaint.

51. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and, therefore, denies same.

52. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and, therefore, denies same.

53. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint and, therefore, denies same.

54. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and, therefore, denies same.

55. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and, therefore, denies same.

## CLAIMS FOR RELIEF
## COUNT I

56. Trans Union restates and incorporates its responses to paragraphs 1 through 55 above as though fully stated herein.

57. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint and, therefore, denies same.

58. The provisions of the FCRA and case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 58 of the Complaint.

59. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint and, therefore, denies same.

60. The provisions of the FCRA and case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 60 of the Complaint.

61. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint and, therefore, denies same.

62. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint and, therefore, denies same.

63. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint and, therefore, denies same.

## COUNT II

64. Trans Union restates and incorporates its responses to paragraphs 1 through 63 above as though fully stated herein.

65. Trans Union denies the allegations contained in paragraph 65 of the Complaint.

66. The provisions of the FCRA and case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 66 of the Complaint.

4774709.1

67. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint and, therefore, denies same.

68. Trans Union denies the allegations contained in paragraph 68 of the Complaint.

69. Trans Union denies the allegations contained in paragraph 69 of the Complaint.

## COUNT III

70. Trans Union restates and incorporates its responses to paragraphs 1 through 69 above as though fully stated herein.

71. Trans Union admits the allegations contained in paragraph 71 of the Complaint.

72. Trans Union denies the allegations contained in paragraph 72 of the Complaint.

73. Trans Union denies the allegations contained in paragraph 73 of the Complaint.

74. Trans Union denies the allegations contained in paragraph 74 of the Complaint.

75. Trans Union denies the allegations contained in paragraph 75 of the Complaint.

## PRAYER FOR RELIEF

Trans Union denies the allegations contained in the Prayer paragraph of the Complaint, including all subparts.

## DEMAND FOR JURY TRIAL

76. Trans Union admits that Plaintiff demands a jury trial.

## DEFENSES

77. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

78. Any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

79. Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

80. Trans Union at all times acted in compliance with the FCRA.

81. Trans Union has not published any false, inaccurate or defamatory information to a third party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

82. Some or all of Plaintiff's claims against Trans Union are barred by the applicable statute of limitations.

83. Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of Florida.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Defendant its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just.

Respectfully submitted,

*/s/ Charlotte Long*
Charlotte Long
Florida Bar No. 0112517
clong@qslwm.com
Quilling, Selander, Lownds
Winslett & Moser, P.C.
6900 N Dallas Parkway, Suite 800
Plano, TX 75024
(214) 560-5461
(214) 871-2111 Fax
**Counsel for Trans Union LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified in the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

| | |
|---|---|
| Janet R. Varnell<br>jvarnell@varnellandwarwick.com<br>Matthew T. Peterson<br>mpeterson@varnellandwarwick.com<br>Erika R. Willis<br>ewillis@varnellandwarwick.com<br>Brian W. Warwick<br>bwarwick@varnellandwarwick.com<br>Varnell & Warwick, P.A.<br>1101 E. Cumberland Avenue, Suite 201H, #105<br>Tampa, FL, 32158<br>(352) 753-8600<br>(352) 753-8606 Fax<br>and<br>Hans W. Lodge<br>hlodge@bm.net<br>Berger & Montague, PC<br>43 SE Main Street, Suite 505<br>Minneapolis, MN, 55414<br>(612) 607-7794<br>(612) 584-4470 Fax<br>***Counsel for Plaintiff*** | Brian C. Frontino<br>bfrontino@stroock.com<br>Kingsley Chinedu Nwamah<br>knwamah@stroock.com<br>Stroock & Stroock & Lavan LLP<br>200 S. Biscayne Boulevard, Suite 3100<br>Miami, FL 33131<br>(305) 358-9900<br>(305) 789-9302 Fax<br>***Counsel for American Express Company*** |

*/s/ Charlotte Long*
**CHARLOTTE LONG**