**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

PATRICIA M. GIBSON, ,                                     Case No. 6:20-cv-02216-Orl-41LRH

       Plaintiff,

vs.

AMERICAN EXPRESS COMPANY and TRANS
UNION, LLC

       Defendants.

_____ /

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANT AMERICAN EXPRESS NATIONAL BANK TO COMPLAINT**

    Defendant American Express National Bank ("American Express"), erroneously sued as American Express Company, hereby answers the Complaint (the "Complaint") filed by Patricia M. Gibson ("Plaintiff") as follows:

**PRELIMINARY STATEMENT**

    1.    Answering Paragraph 1 of the Complaint, American Express states that this Paragraph contains no allegations directed towards American Express and therefore no response is required.  To the extent a response is required, American Express states that the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") speaks for itself and denies any allegations that are inconsistent therewith.

    2.    Answering Paragraph 2 of the Complaint, American Express states that this Paragraph contains no allegations directed towards American Express and therefore no response is required.  To the extent a response is required, American Express states that the FCRA speaks for itself and denies any allegations that are inconsistent therewith.

    3.    Answering Paragraph 3 of the Complaint, American Express states that this Paragraph contains no allegations directed towards American Express and therefore no response

is required.  To the extent a response is required, American Express states that the FCRA speaks for itself and denies any allegations that are inconsistent therewith.

4.      Answering Paragraph 4 of the Complaint, American Express states that this Paragraph contains no allegations directed towards American Express and therefore no response is required.  To the extent a response is required, American Express states that the FCRA speaks for itself and denies any allegations that are inconsistent therewith.

5.      Answering Paragraph 5 of the Complaint, American Express states that this Paragraph contains no allegations directed towards American Express and therefore no response is required.  To the extent a response is required, American Express states that the FCRA speaks for itself and denies any allegations that are inconsistent therewith.

6.      Answering Paragraph 6 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express and therefore no response is required.  To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and, on that basis, denies the allegations contained therein.

7.      Answering Paragraph 7 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express and therefore no response is required.  To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and, on that basis, denies the allegations contained therein.

8.      Answering Paragraph 8 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express and therefore no response is required.  To the extent a response is required, American Express lacks knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and, on that basis, neither admits nor denies the allegations contained therein.

9.      Answering Paragraph 9 of the Complaint, American Express states that with respect to the allegations in Paragraph 9 directed toward it, American Express denies the allegations contained in Paragraph 9.  To the extent a further response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 and, on that basis, denies the remaining allegations contained therein.

## THE PARTIES

10.     Answering Paragraph 10 of the Complaint, American Express admits, based on information and belief, that Plaintiff is a resident of Orlando, Florida.  American Express otherwise responds that Paragraph 10 of the Complaint contains an improper legal conclusion to which no response is required.  To the extent a further response is required, American Express denies the allegations contained in Paragraph 10.

11.     Answering Paragraph 11 of the Complaint, American Express states that it is a national bank with its main office in Utah.  American Express further admits that it is subject to the FCRA.

12.     Answering Paragraph 12 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express and therefore no response is required.  To the extent a response is required, American Express admits, based on information and belief, that defendant Trans Union LLC ("TransUnion") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).  American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 and, on that basis, neither admits nor denies the remaining allegations contained therein.

## JURISDICTION AND VENUE

13.    Answering Paragraph 13 of the Complaint, American Express does not challenge jurisdiction for purposes of this action only, but denies liability to Plaintiff under the FCRA, and denies that Plaintiff is entitled to any relief whatsoever from American Express.  American Express further states that Plaintiff's claims may be subject to binding arbitration and American Express specifically reserves, and does not waive, the right to compel arbitration of such claims.

14.    Answering Paragraph 14 of the Complaint, American Express does not challenge venue for purposes of this action only, but denies liability to Plaintiff under the FCRA, and denies that Plaintiff is entitled to any relief whatsoever from American Express.  American Express further states that Plaintiff's claims may be subject to binding arbitration and American Express specifically reserves, and does not waive, the right to compel arbitration of such claims.

## TRANS UNION'S LEGAL OBLIGATION TO REINVESTIGATE CONSUMERS' DISPUTES

15.    Answering Paragraph 15 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express and therefore no response is required.  American Express further states that this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, neither admits nor denies the allegations contained therein.

16.    Answering Paragraph 16 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express and therefore no response is required.  To the extent a response is required, American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, on that basis, neither admits nor denies the allegations contained therein.

LA 52526656

17.     Answering Paragraph 17 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express and therefore no response is required.  To the extent a response is required, American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, on that basis, neither admits nor denies the allegations contained therein.

18.     Answering Paragraph 18 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express and therefore no response is required.  To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, on that basis, neither admits nor denies the allegations contained therein.

19.     Answering Paragraph 19 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express and therefore no response is required.  To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, on that basis, neither admits nor denies the allegations contained therein.

20.     Answering Paragraph 20 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express and therefore no response is required.  To the extent a response is required, American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, on that basis, neither admits nor denies the allegations contained therein.

21.     Answering Paragraph 21 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express and therefore no response is required.  To the extent a response is required, American Express lacks knowledge or

LA 52526656

information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, on that basis, neither admits nor denies the allegations contained therein.

22.     Answering Paragraph 22 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express and therefore no response is required.  American Express further states that this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, on that basis, neither admits nor denies the allegations contained therein.

23.     Answering Paragraph 23 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express and therefore no response is required.  American Express further states that this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, on that basis, neither admits nor denies the allegations contained therein.

24.     Answering Paragraph 24 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express and therefore no response is required.  American Express further states that this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, on that basis, neither admits nor denies the allegations contained therein.

25.     Answering Paragraph 25 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express and therefore no response is required.  American Express further states that this paragraph calls for a legal conclusion to

LA 52526656

which no response is required.  To the extent a response is required, American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, neither admits nor denies the allegations contained therein.

26.     Answering Paragraph 26 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express and therefore no response is required.  American Express further states that this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, on that basis, neither admits nor denies the allegations contained therein.

27.     Answering Paragraph 27 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express and therefore no response is required.  American Express further states that this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, on that basis, neither admits nor denies the allegations contained therein.

28.     Answering Paragraph 28 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express and therefore no response is required.  American Express further states that this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, on that basis, neither admits nor denies the allegations contained therein.

LA 52526656

## FACTS

### Plaintiff Opens an Account with Defendant AmEx

29.     Answering Paragraph 29 of the Complaint, American Express admits, based on information and belief, that Plaintiff possessed an American Express card account.  Except as expressly admitted, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and, on that basis, denies the allegations contained therein.

30.     Answering Paragraph 30 of the Complaint, American Express admits, based on information and belief, that Plaintiff possessed an American Express card account.  Except as expressly admitted, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, on that basis, denies the allegations contained therein.

### Plaintiff Pays Her AmEx Account in Full and Closes the Account

31.     Answering Paragraph 31 of the Complaint, American Express admits, based on information and belief, that Plaintiff possessed an American Express card account.  Except as expressly admitted, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, on that basis, denies the allegations contained therein.

32.     Answering Paragraph 32 of the Complaint, American Express admits, based on information and belief, that Plaintiff possessed an American Express card account.  Except as expressly admitted, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, on that basis, denies the allegations contained therein.

LA 52526656

**Defendant Trans Union Furnishes and Defendant AmEx Obtains Plaintiff's Trans Union Credit Report Without a Permissible Purpose in Defendant 2018**

33.     Answering Paragraph 33 of the Complaint, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and, on that basis, denies the allegations contained therein.

34.     Answering Paragraph 34 of the Complaint, American Express states that with respect to the allegations in Paragraph 34 directed toward it, American Express denies the allegations contained in Paragraph 34.  To the extent a further response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, on that basis, denies the allegations contained therein.

35.     Answering Paragraph 35 of the Complaint, American Express states that with respect to the allegations in Paragraph 35 directed toward it, American Express denies the allegations contained in Paragraph 35.  To the extent a further response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, on that basis, denies the allegations contained therein.

36.     Answering Paragraph 36 of the Complaint, American Express states that with respect to the allegations in Paragraph 36 directed toward it, American Express denies the allegations contained in Paragraph 36.  To the extent a further response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and, on that basis, denies the allegations contained therein.

LA 52526656

**Plaintiff's Disputes with Defendant Trans Union in December 2018 and February 2019**

37.     Answering Paragraph 37 of the Complaint, American Express states that with respect to the allegations in Paragraph 37 directed toward it, American Express denies the allegations contained in Paragraph 37.  To the extent a further response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, on that basis, denies the allegations contained therein.

38.     Answering Paragraph 38 of the Complaint, American Express states that with respect to the allegations in Paragraph 38 directed toward it, American Express denies the allegations contained in Paragraph 38.  To the extent a further response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and, on that basis, denies the allegations contained therein.

39.     Answering Paragraph 39 of the Complaint, American Express states that with respect to the allegations in Paragraph 39 directed toward it, American Express denies the allegations contained in Paragraph 39.  To the extent a further response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, on that basis, denies the allegations contained therein.

**Plaintiff Disputes with Defendant AmEx in February 2019**

40.     Answering Paragraph 40 of the Complaint, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and, on that basis, denies the allegations contained therein.

LA 52526656

41.     Answering Paragraph 41 of the Complaint, American Express states that with respect to the allegations in Paragraph 41 directed toward it, American Express denies the allegations contained in Paragraph 41.  To the extent a further response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, on that basis, denies the allegations contained therein.

**Defendant Trans Union Furnishes and Defendant AmEx Obtains Plaintiff's Trans Union Credit Report Without a Permissible Purpose in March 2019**

42.     Answering Paragraph 42 of the Complaint, American Express states that with respect to the allegations in Paragraph 42 directed toward it, American Express denies the allegations contained in Paragraph 42.  To the extent a further response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, on that basis, denies the allegations contained therein.

43.     Answering Paragraph 43 of the Complaint, American Express states that with respect to the allegations in Paragraph 43 directed toward it, American Express denies the allegations contained in Paragraph 43.  To the extent a further response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and, on that basis, denies the allegations contained therein.

44.     Answering Paragraph 44 of the Complaint, American Express states that with respect to the allegations in Paragraph 44 directed toward it, American Express denies the allegations contained in Paragraph 44.  To the extent a further response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of

the allegations contained in Paragraph 44 and, on that basis, denies the allegations contained therein.

45.     Answering Paragraph 45 of the Complaint, American Express denies the allegations contained therein.

## **Plaintiff's Dispute with Defendant AmEx in April 2019**

46.     Answering Paragraph 46 of the Complaint, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and, on that basis, denies the allegations contained therein.

47.     Answering Paragraph 47 of the Complaint, American Express denies the allegations contained therein.

## **Defendant Trans Union Furnishes and Defendant AmEx Obtains Plaintiff's Trans Union Credit Report Without a Permissible Purpose in June 2020**

48.     Answering Paragraph 48 of the Complaint, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and, on that basis, denies the allegations contained therein.

49.     Answering Paragraph 49 of the Complaint, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and, on that basis, denies the allegations contained therein.

50.     Answering Paragraph 50 of the Complaint, American Express states that with respect to the allegations in Paragraph 50 directed toward it, American Express denies the allegations contained in Paragraph 50.  To the extent a further response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, on that basis, denies the allegations contained therein.

51.     Answering Paragraph 51 of the Complaint, American Express states that with respect to the allegations in Paragraph 51 directed toward it, American Express denies the allegations contained in Paragraph 51.  To the extent a further response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and, on that basis, denies the allegations contained therein.

### Plaintiff's Disputes with Defendant AmEx in June and August 2019

52.     Answering Paragraph 52 of the Complaint, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, on that basis, denies the allegations contained therein.

53.     Answering Paragraph 53 of the Complaint, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, on that basis, denies the allegations contained therein.

54.     Answering Paragraph 54 of the Complaint, American Express denies the allegations contained therein.

55.     Answering Paragraph 55 of the Complaint, American Express denies the allegations contained therein.

LA 52526656

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATON OF THE FAIR CREDIT REPORT ACT
### 15 U.S.C. § 1681b(f)
### Obtaining and Using a Consumer Report Without a Permissible Purpose
### (First Claim for Relief Against Defendant American Express)

56.     Answering Paragraph 56 of the Complaint, American Express incorporates by reference its answers to Paragraphs 1 through 55, above, as though fully stated herein.

57.     Answering Paragraph 57 of the Complaint, American Express denies the allegations contained therein.

58.     Answering Paragraph 58 of the Complaint, American Express states that the allegations in this Paragraph consist solely of legal conclusions to which no response is required. To the extent a response is required, American Express states that the 15 U.S.C. § 1681b(a) speaks for itself and denies all allegations inconsistent therewith.

59.     Answering Paragraph 59 of the Complaint, American Express denies the allegations contained therein.

60.     Answering Paragraph 60 of the Complaint, American Express states that the allegations in this Paragraph consist solely of legal conclusions to which no response is required. To the extent a response is required, American Express states that the 15 U.S.C. § 1681b(f) speaks for itself and denies all allegations inconsistent therewith.

61.     Answering Paragraph 61 of the Complaint, American Express denies the allegations contained therein.

62.     Answering Paragraph 62 of the Complaint, American Express denies the allegations contained therein.

63.     Answering Paragraph 63 of the Complaint, American Express denies the allegations contained therein.

LA 52526656

## COUNT II
## VIOLATON OF THE FAIR CREDIT REPORT ACT
## 15 U.S.C. § 1681b(c)1
## Furnishing a Consumer Report Without a Permissible Purpose
## (First Claim for Relief Against Defendant Trans Union)

64.     Answering Paragraph 64 of the Complaint, American Express incorporates by reference its answers to Paragraphs 1 through 55, above, as though fully stated herein.

65.     Answering Paragraph 65 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express.  Accordingly, American Express neither admits nor denies the allegations contained in Paragraph 65.

66.     Answering Paragraph 66 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express.  American Express further states that the allegations in this Paragraph consist solely of legal conclusions to which no response is required.  To the extent a response is required, American Express states that the 15 U.S.C. § 1681b(c)(1) speaks for itself and denies all allegations inconsistent therewith.

67.     Answering Paragraph 67 of the Complaint, American Express states that with respect to the allegations in Paragraph 67 directed toward it, American Express denies the allegations contained in Paragraph 67.  To the extent a further response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and, on that basis, denies the allegations contained therein.

68.     Answering Paragraph 68 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express.  Accordingly, American Express neither admits nor denies the allegations contained in Paragraph 68.

LA 52526656

69.     Answering Paragraph 69 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express.  Accordingly, American Express neither admits nor denies the allegations contained in Paragraph 69.

**COUNT III**
**VIOLATON OF THE FAIR CREDIT REPORT ACT**
**15 U.S.C. § 1681i(a)(1) and (2)**
**Failure to Reinvestigate Disputed Information and Provided Prompt Notice to Furnisher of Information**
**(Second Claim for Relief Against Defendant Trans Union)**

70.     Answering Paragraph 70 of the Complaint, American Express incorporates by reference its answers to Paragraphs 1 through 55, above, as though fully stated herein.

71.     Answering Paragraph 71 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express.  Accordingly, American Express neither admits nor denies the allegations contained in Paragraph 71.

72.     Answering Paragraph 72 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express.  Accordingly, American Express neither admits nor denies the allegations contained in Paragraph 72.

73.     Answering Paragraph 73 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express.  Accordingly, American Express neither admits nor denies the allegations contained in Paragraph 73.

74.     Answering Paragraph 74 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express.  Accordingly, American Express neither admits nor denies the allegations contained in Paragraph 74.

75.     Answering Paragraph 75 of the Complaint, American Express states that this Paragraph contains no allegations directed to American Express.  Accordingly, American Express neither admits nor denies the allegations contained in Paragraph 75.

LA 52526656

## PRAYER FOR RELIEF

Answering the unnumbered paragraph immediately following numbered Paragraph 75, American Express denies that it violated the FCRA and denies that Plaintiff is entitled to any relief whatsoever from American Express.

## DEMAND FOR JURY TRIAL

76.    Answering Paragraph 76 of the Complaint, American Express admits that Plaintiff demands a trial by jury but denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, American Express asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Arbitration)

77.    Plaintiff's claims are subject to binding arbitration pursuant to a valid and binding arbitration agreement and American Express specifically reserves, and does not waive, the right to compel arbitration of any claims asserted by Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State A Claim)

78.    The Complaint, and each claim and cause of action set forth therein, fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

### (Apportionment/Comparative Negligence)

79.    American Express is not legally responsible with respect to the damages that may be claimed by Plaintiff as a result of the matters alleged in the Complaint; however, if American Express is found to be legally responsible in any manner, then it alleges that its legal

responsibilities are not the sole and proximate cause of the injuries and the damages awarded, if any, are to be apportioned accordance with the fault and legal responsibility of all non-American Express parties, persons and entities, or the agents, servants and employees of such non-American Express parties, persons and entities, who contributed to and/or caused said damages, according to proof presented during arbitration.

### FOURTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

80.     To the extent that Plaintiff has suffered any damage as a result of the matters alleged in the Complaint, Plaintiff failed to mitigate those damages and Plaintiff's claims therefore are barred, in whole or in part.

### FIFTH AFFIRMATIVE DEFENSE

**(Independent/Intervening Conduct)**

81.     Plaintiff is barred from recovery in that any damage, injury and/or harm Plaintiff allegedly sustained was the direct and proximate result of the independent, intervening, negligent, criminal and/or unlawful conduct of independent parties or their agents, and not the result of any act or omission on the part of American Express.

### SIXTH AFFIRMATIVE DEFENSE

**(Estoppel)**

82.     The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, by the conduct, actions, and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought thereby.

LA 52526656

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

83.     The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, by Plaintiff's conduct, actions, and inactions, which amount to and constitute a waiver of any right or rights Plaintiff may or might have in relation to the matters alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

84.     Plaintiff has unreasonably delayed taking action in connection with the alleged claims, causing substantial prejudice to American Express, and such claims therefore are barred pursuant to the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

85.     The Complaint, and each claim and cause of action set forth therein, is barred in whole or in part, on the grounds that Plaintiff may obtain no relief under the Complaint by reason of the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

86.     The Complaint is barred, in whole or in part, by the doctrine of acquiescence.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Ratification)

87.     The Complaint, and each purported cause of action therein, is barred by the conduct actions and inactions of Plaintiff under the doctrine of ratification.

## TWELFTH AFFIRMATIVE DEFENSE

### (Offset)

88.     The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, on the grounds that American Express asserts that it is entitled to any offset of any damages claimed by Plaintiff based on any amount owing on the Plaintiff's American Express credit card account(s).

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

89.     American Express expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

## PRAYER

**WHEREFORE,** American Express prays as follows:

1.     That Plaintiff take nothing by virtue of this action;

2.     That the Complaint be dismissed with prejudice;

3.     That judgment be entered against Plaintiff and in favor of American Express;

4.     That American Express be awarded its attorneys' fees and costs incurred herein; and

5.     That the Court award any other and further relief it deems just and proper.

Dated:  January 29, 2021

By:     /s/ Brian C. Frontino
        Brian C. Frontino
        Florida Bar No. 95200
        Kingsley C. Nwamah
        Florida Bar No. 0118364
        STROOCK & STROOCK & LAVAN LLP

200 South Biscayne Boulevard, Suite 3100
Miami, Florida 33131
Telephone:  (305) 358-9900
Facsimile:  (305) 789-9302
bfrontino@stroock.com
knwamah@stroock.com
lacalendar@stroock.com

Attorneys for Defendant
*American Express National Bank*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the

Clerk of the Court via CM/ECF on January 29, 2021, and served on all counsel or parties of

record on the Service List below:

## SERVICE LIST

Janet R. Varnell, Esq.
Brian W. Warwick, Esq.
Erika Roxanne Willis, Esq.
Matthew T. Peterson, Esq.
Varnell & Wawick, P.A.
1101 E. Cumberland Avenue,
Suite 201H #105
Tampa, FL 33602
Telephone: (352) 753-8600
Email: jvarnell@varnellandwarwick.com
Email: bwarwick@varnellandwarwick.com
Email: ewillis@varnellandwarwick.com
Email: mpeterson@varnellandwarwick.com

*Attorneys for Plaintiff*

Hans W. Lodge, Esq.
Berger & Montague, PC
43 SE Main St Ste 505
Minneapolis, MN 55414
Telephone: (612) 607-7794
Fax: (612) 584-4470
Email: hlodge@bm.net

*Attorneys for Plaintiff*

Charlotte Ann Long
Quilling Selander Lownds Winslett Moser PC
6900 N. Dallas Parkway, Suite 800
Plano, TX 75024
Telephone: (214) 560-5461
Email: clong@qslwm.com

*Attorney for Defendant*
*TransUnion, LLC*

/s/Brian C. Frontino
Brian C. Frontino

LA 52526656