UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA M. GIBSON,

       Plaintiff,                    Case No. 6:20-cv-02216-CEM-LRH

v.

AMERICAN EXPRESS COMPANY
AND TRANS UNION, LLC,

       Defendants.
_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT
AMERICAN EXPRESS COMPANY'S AFFIRMATIVE DEFENSES**

Plaintiff Patricia M. Gibson ("Plaintiff"), by and through undersigned counsel, moves this Court to strike the affirmative defenses filed by Defendant American Express Company ("Defendant" or "Defendant AMEX") in its Answer to Plaintiff's Complaint.

**I.    INTRODUCTION**

The Complaint in this matter alleges that over ten (10) years after Plaintiff paid off her American Express credit card balance and closed her account, Defendant AMEX obtained and used Plaintiff's Trans Union credit report on multiple occasions without having a permissible purpose, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b. Because Plaintiff did not have an ongoing business relationship with Defendant AMEX at the time it accessed her Trans Union credit

1

report and did not apply for credit with Defendant AMEX, Defendant Trans Union's furnishing of Plaintiff's credit report to Defendant AMEX was without a permissible purpose, also in violation of the FCRA, 15 U.S.C. § 1681b.  Adding insult to injury, when Plaintiff mailed written disputes to both Defendants AMEX and Trans Union disputing the unauthorized access and furnishing of her Trans Union credit report, Defendant AMEX instructed Plaintiff to contact Trans Union and Defendant Trans Union failed to conduct an investigation into Plaintiff's disputed inquiries.

On January 29, 2021, Defendant AMEX filed its answer and affirmative defenses to Plaintiff's Complaint.  [D.E. 25.]  Plaintiff takes issue with seven (7) of Defendant AMEX's affirmative defenses raised as they are vague, conclusory, improperly pled, insufficient as a matter of law and/or not a proper affirmative defense.

## II.   PLEADING STANDARD

Under Rule 12(f), the court may strike from any pleading any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f).  Motions to strike affirmative defenses are properly granted when the face of the pleadings are patently frivolous, or the purported defense is insufficient as a matter of law.  *See, e.g., Muschong v. Millennium Phys. Group, LLC*, No. 2014 WL 3341142, at *1 (M.D. Fla. July 8, 2014).

Further, affirmative defenses are insufficient as a matter of law if they fail to meet the general pleading requirements of Federal Rule of Civil Procedure 8(a),

which requires a "short and plain statement" of the asserted defense. *See Morrison v. Executive Aircraft Refinishing, Inc.,* 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005); *Merrill Lynch Bus. Fin. Servs. v. Performance Mach. Sys.*, No. 04-60861-CIV, 2005 WL 975773, at *11 (S.D. Fla. Mar. 4, 2005) (affirmative defenses are subject to the general pleading requirements of Rule 8(a) "and will be stricken if they fail to recite more than bare-bones conclusory allegations"). "Additionally, although an affirmative defense 'does not need detailed factual allegations, [it] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Mid-Continent Cas. Co. v. Active Drywall S., Inc.,* 765 F. Supp. 2d 1360, 1361 (S.D. Fla. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *See also Castillo v. Roche Laboratories Inc.,* No. 10-20876-CIV, 2010 WL 3027726 (S.D. Fla. Aug. 2, 2010) (applying Twombly's heightened pleading standard to affirmative defenses); *Home Mgmt. Solutions, Inc. v. Prescient, Inc.,* No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) ("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy the requirement of providing not only 'fair notice' of the nature of the defense, but also 'grounds' on which the defense rests") (brackets omitted) (quoting *Twombly*, 550 U.S. at 556 n.3).

## III.  ARGUMENT

Defendant American Express alleges thirteen (13) affirmative defenses, seven (7) of which fail to meet the pleading standard required of affirmative defenses, are not affirmative defenses, or which also fail as a matter of law.

### A. Second Affirmative Defense:  Failure to State a Claim

Defendant's second affirmative defense states "The Complaint, and each claim and cause of action set forth therein, fails to state a claim upon which relief can be granted." [D.E. 25 at 17.]  Defendant does not set forth any facts in support of this affirmative defense.  Defendant merely parrots Rule 12(b)(6).  This one-sentence affirmative defense is vague and does not provide Plaintiff with sufficient information upon which to prepare a response and does not provide Plaintiff with fair notice.  *See Galle v. Nationstar Mortg., LLC,* No. 2:16-CV-407-FTM-38CM, 2017 WL 881810, at *3 (M.D. Fla. Mar. 6, 2017) (striking affirmative defense of "failure to state a claim" and collecting authority); *Muschong v. Millennium Physician Grp., LLC*, No. 2:13-CV-705-FTM-38CM, 2014 WL 1268574, at *2 (M.D. Fla. Mar. 27, 2014) (striking affirmative defense for failure to state a claim). Moreover, this is not a true affirmative defense which assumes that Plaintiff has made his prima facie case and if the Complaint was vulnerable to dismissal for failing to state a claim, Defendants should have filed a motion to dismiss. *See Nagpal v. Linde,* No. 1:13-CV-23003-UU, 2014 WL 11906630, at *1 (S.D. Fla. Feb. 27, 2014) (granting motion to

strike and stating "Defendant did not move to dismiss the Complaint and does not otherwise argue that Plaintiff has failed to plead a necessary element of any of his claims. This Defense therefore amounts to nothing more than a denial, and Defendant has not shown that it will be prejudiced by its being stricken."). Thus, Defendant's second affirmative defense should be stricken.

### B. Fourth Affirmative Defense: Failure to Mitigate

Defendant's fourth affirmative defense states: "To the extent that Plaintiff has suffered any damages as a result of the matters alleged in the Complaint, Plaintiff failed to mitigate those damages and Plaintiff's claims therefore are barred, in whole or in part." [D.E. 25 at 18.] Defendant, however, does not provide any factual support or explain how Plaintiff could have mitigated any of her damages. *See Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach. Sys. U.S.A., Inc.,* No. 04-60861-CIVMARTINEZ, 2005 WL 975773, at *12 (S.D. Fla. Mar. 4, 2005) (striking mitigation affirmative defense because it contained "a bare-bones conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand."); see also *Tara Productions, Inc. v. Hollywood Gadgets, Inc.,* No. 09–61436–CIV, 2009 WL 4800542, at *2 (S.D. Fla. Dec. 11, 2009) (granting plaintiff's motion to strike affirmative defenses on grounds that defendant's one-sentence failure to state a cause of action affirmative defense is vague and does not

5

provide plaintiff with fair notice or sufficient information to prepare a response). Therefore, Defendant's fourth affirmative defense should be stricken.

### C. Fifth Affirmative Defense: Independent/Intervening Conduct

Defendant's fifth affirmative defense states: "Plaintiff is barred from recovery in that any damage, injury and/or harm Plaintiff allegedly sustained was the direct and proximate result of the independent, intervening, negligent, criminal and/or unlawful conduct of independent parties or their agents, and not the result of any act or omission on the part of American Express." [D.E. 25 at 18]. Defendant, however, does not provide any factual support or identify any independent parties which could have any legal responsibility for Plaintiff's damages. *See Talisman Capital Alternative Investments Fund, Ltd. v. Mouttet,* No. 10-24577-CIV, 2011 WL 13223528, at *4 (S.D. Fla. Nov. 22, 2011) (striking affirmatives defenses that were "comprised solely of a bare-bones conclusory allegation, only naming a legal theory without more."); *see also Tara Productions, Inc.,* 2009 WL 4800542, at *2 (S.D. Fla. Dec. 11, 2009). Thus, Defendant's fifth affirmative defense should be stricken.

### D. Eighth and Ninth Affirmative Defenses: Laches and Unclean Hands

Defendant's eighth and ninth affirmative defenses are a smorgasbord of conclusory defenses, stating first: "Plaintiff has unreasonably delayed taking action in connection with the allege claims, causing substantial prejudice to American Express, and such claims therefore are barred pursuant to the doctrine of laches" and

second: "The Complaint, and each claim and cause of action set forth therein, is barred in whole or in part, on the grounds that Plaintiff may obtain no relief under the Complaint by reason of the doctrine of unclean hands." [D.E. 25 at 19]. Defendant did not provide any factual support or detail how either of the foregoing defenses apply in this case. *See United Fixtures Co., Inc. v. Base Mfg.,* No. 6:08–cv–506, 2008 WL 4550212, at *5 (M.D. Fla. 2008) (striking affirmative defense of unclean hands because contained conclusory allegations devoid of allegations that would put plaintiff on notice of factual basis for legal defenses as required by Rules 8); *Groves v. Patricia J. Dury, M.D., P.A.*, No. 2:06-cv-338-FtM, 2006 WL 2556944, at *2 (M.D. Fla. Sept. 1, 2006) (striking affirmative defense of unclean hands where the defendant's assertions "sets forth no facts" and was "insufficiently pled"); *F.D.I.C. v. Bayer,* No. 2:13-CV-752-FTM-29, 2015 WL 686952, at *4 (M.D. Fla. Feb. 18, 2015) (striking laches affirmative defense which lacked factual allegations); *see also Tara Productions, Inc.,* 2009 WL 4800542, at *2 (granting motion to strike laches and unclean hands affirmative defenses). Thus, Defendant's eighth and ninth affirmative defenses should be stricken.

### E. Twelfth Affirmative Defense: Offset

Defendant's twelfth affirmative defense states: "The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, on the grounds that American Express asserts that it is entitled to any offset of any damages

7

claimed by Plaintiff based on any amount owing on the Plaintiff's American Express credit card account(s)." [DE 25 at 20]. Defendant did not provide any factual support or detail on how or why a set off would apply under the circumstances and what specific credit card accounts, if any, Plaintiff owes an outstanding balance. *See Home Mgmt. Solutions, Inc., v. Prescient, Inc.,* No. 07-20608, 2007 WL 2412834, at *4 (S.D. Fla. Aug. 21, 2007) (striking affirmative defense of setoff where the affirmative defenses lacked "any supporting facts or the elements of the defense"); *see also Talisman Capital Alternative Investments Fund, Ltd.,* 2011 WL 13223528, at *4 (striking "bare-bones conclusory allegations"); *Tara Productions, Inc.,* 2009 WL 4800542, at *2 (S.D. Fla. Dec. 11, 2009). Thus, Defendant's twelfth affirmative defense should be stricken.

    **F. Thirteenth Affirmative Defense: Reservation of Rights**

Defendant's thirteenth affirmative defense states that "American Express expressly reserves the right to assert such other and further affirmative defense as may be appropriate." [DE 25 at 20.] Incorporating unnamed party affirmative defenses and stating a reservation of rights to amend or add more affirmative defenses is not an affirmative defense, and there is no rule that allows Defendant to unilaterally incorporate an unknown party's affirmative defense or reserve its rights to assert other defenses. Thus, the defense should be stricken. *S.E.C. v. BIH Corp.,* No. 2:10-CV-

8

577-FTM-29, 2013 WL 1212769, at *7 (M.D. Fla. Mar. 25, 2013) (striking reservation of rights because "this is not an affirmative defense, and defendants have not cited to any federal rule which allows a 'placeholder'"); *Branch Banking & Tr. Co. v. Nat'l Fin. Servs., LLC*, No. 6:13-CV-1983-ORL-31, 2014 WL 2019301, at *4 (M.D. Fla. May 16, 2014) (striking reservation of rights because "the reservation is not legally viable and merely clutters her responsive pleading"); *MSP Recovery, LLC v. Allstate Ins. Co.,* No. 15-21532-CV, 2017 WL 3536918, at *4 (S.D. Fla. Aug. 17, 2017) ("This is essentially a 'reservation of rights clause,' which numerous courts in this district have found to be impermissible because it is not a true affirmative defense and fails to meet the pleading standard under Rule 8(a).").

## IV.    CONCLUSION

For the above stated reasons, Plaintiff respectfully request that Defendant's Affirmative Defenses identified above be stricken pursuant to Fed. R. Civ. P. 8, 9, and 12(f).

## RULE 3.01(g) CERTIFICATION

I HEREBY CERTIFY that on February 19, 2021, pursuant to Local Rule 3.01(g), Counsel for Defendant was unavailable and did not respond before the motion's filing. Undersigned counsel will continue to diligently attempt for 3 days to contact opposing counsel. Promptly after either contact or expiration of the three days, undersigned counsel will supplement the motion with a statement certifying

whether the parties have resolved all or part of the motion or advise the Court if Defendant opposes the relief sought in this motion.

Dated:  February 19, 2021               **VARNELL & WARWICK, P.A.**

By:  /s/ Janet R. Varnell
Janet R. Varnell, FBN: 0071072
Brian W. Warwick, FBN: 0605573
Matthew T. Peterson, FBN: 1020720
Erika Willis, FBN: 100021
1101 E. Cumberland Ave., Ste. 201H, #105
Tampa, FL 33602
Telephone: (352) 753-8600
Facsimile: (352-504-3301
*jvarnell@varnellandwarwick.com*
*bwarwick@varnellandwarwick.com*
*mpeterson@varnellandwarwick.com*
*ewillis@varnellandwarwick.com*
*kstroly@varnellandwarwick.com*

BERGER & MONTAGUE, P.C.

/s/ Hans W. Lodge
Hans W. Lodge, MN Bar No. 397012
(Admitted *Pro Hac Vice*)
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Telephone: (612) 607-7794
Fax: (612) 584-4470
Email: hlodge@bm.net

*ATTORNEYS FOR PLAINTIFF*