**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PATRICIA M. GIBSON,**

        **Plaintiff,**

v.                            Case No:  6:20-cv-02216-CEM-LRH

**AMERICAN EXPRESS COMPANY**
**AND TRANS UNION, LLC,**

        **Defendants.**
_____/

**Uniform Case Management Report**

      The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference on 2/3/2021. Janet R. Varnell and Hans W. Lodge, Counsel for Plaintiff; Kingsley C. Nwamah, Counsel for Defendant American Express; and Charlotte Long, Counsel for Defendant Trans Union attended the conference.

2. **Deadlines and Dates**

   The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 3/1/2021 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 4/1/2021 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 10/1/2021 |
| Defendant's deadline for disclosing any expert report. | 10/29/2021 |
| Deadline for disclosing any rebuttal expert report. | 11/19/2021 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 12/1/2021 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | Enter a date. |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 12/31/2021 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Enter mediator's name, address, and phone number. | 6/25/2021 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 4/25/2022 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 5/9/2022 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 5/23/2022 |
| Month and year of the trial term. | 6/6/2022 |

The trial will last approximately 2-3 days and be

☒  jury.

☐  non-jury.

### 3.  Description of the Action

In a few sentences, describe the nature of the action and its complexity.

**<u>Plaintiff</u>:**

This action arises from Trans Union's unlawful furnishing of Plaintiff's credit report to American Express, on multiple occasions, despite the fact that American Express failed to have a permissible purpose under the FCRA for obtaining and using Plaintiff's Trans Union credit report, and Trans Union's failure to reinvestigate Plaintiff's multiple disputes regarding American Express' unauthorized and impermissible access of her Trans Union credit report.

**<u>Defendant Trans Union</u>:**

As discovery has yet to commence, Trans Union cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff.  Upon information and belief, Trans Union properly furnished Plaintiff's credit to information to American Express for a permissible purposed under the FCRA.  Further, Trans Union properly investigated Plaintiff's disputes as required by the FCRA and timely reported the results of those investigations to Plaintiff.  At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to her. Further, Trans Union followed it reasonable procedures in allowing creditors, like American Express, who certify that they have a permissible purpose to obtain a consumer's credit information. Trans Union has not acted with malice, negligent, willful or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Trans Union has fully complied with the FCRA.  Trans Union will also show that any alleged damages suffered by Plaintiff were not caused by Trans Union.

In addition, at this time Trans Union does not have knowledge or possession of facts or documents controlled by the Plaintiff and American Express.  Therefore, this statement is based on the facts known by Trans Union at this time.  Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

MIA 31487184

**Defendant American Express:**

The Complaint asserts a litany of conclusory allegations that American Express accessed Plaintiff's personal credit report from a credit reporting agency—Transunion LLC—without a legitimate business reason, but these conclusory allegations fail to set forth a claim for a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA"). The law is clear that a claim for violation of the FCRA must allege specific facts to support an assertion that American Express obtained Plaintiff's credit report without a permissible purpose. Plaintiff's Complaint fails to meet the requisite pleading standard.

Further, American Express has been unable to investigate Plaintiff's allegations as a result of Plaintiff's unwillingness to provide American Express with sufficient identifying information for American Express to locate Plaintiff in its records, such as her social security number. Notably, in paragraph 53 of the Complaint, Plaintiff notes that American Express informed her that it could not investigate the disputes regarding the credit reporting inquiries without her social security number. However, Plaintiff (and now her attorneys) have refused to provide American Express with her social security number to investigate the alleged credit inquiries.

Finally, American Express reserves its right to compel arbitration pursuant to the terms of any cardmember agreement governing Plaintiff's relationship with American Express.

4. **Disclosure Statement**

    ☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

    ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

    > "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

   ☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

   ☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

   > The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

   ☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

      ☒ Yes.
      ☐ No; instead, the parties agree to these changes: enter changes.

   B. Discovery may be needed on these subjects: list the subjects.

**Plaintiff:**

Plaintiff will seek discovery from American Express and Trans Union (collectively, "Defendants") and/or third parties regarding her claims for violations of the FCRA, credit files, credit reports, requests for credit or personal information related to Plaintiff, communications related to Plaintiff, handling of Plaintiff's disputes, account records, account history, call logs, Defendants' policies, procedures, and manuals, previous lawsuits and government actions against Defendants, Defendants' net worth and profits, any information maintained by Defendants that concerns or relates to Plaintiff or any account or file associated with Plaintiff and the Complaint.  This list is non-exhaustive, and Plaintiff reserves the right to discovery of any relevant information not herein mentioned.

Plaintiff anticipates deposing witnesses identified by Defendants in discovery pursuant to Fed. R. Civ. P. 30(b)(1) and 30(b)(6) and conducting written discovery related to Defendants' furnishing and use of Plaintiff's credit report.

**Defendant Trans Union:**

Based on what is presently known, Defendant Trans Union anticipates conducting discovery on the following: the facts and circumstances surrounding the allegations in Plaintiff's Complaint, the disputed inquiry by American Express, communications between Plaintiff and the Defendants, communications between Plaintiff and her creditors, the facts and circumstances surrounding Plaintiff's alleged damages, Plaintiff's failure to mitigate her alleged damages, causation relating to Plaintiff's alleged damages, the facts and circumstances surrounding Plaintiff's any alleged adverse credit action Plaintiff claims to have suffered, Plaintiff's credit history and usage, the facts and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer report, and any other issues raised by the pleadings or discovery.

**Defendant American Express:**

Based on Plaintiff's threadbare, conclusory allegations, American Express is unable to determine the full extent of discovery required in this action.  American Express and its counsel have repeatedly requested Plaintiff's social security number to investigate Plaintiff's allegations that American Express obtained her credit report without a permissible purpose.  However, as stated above, Plaintiff was unwilling to provide American Express with her social security number prior to the commencement of discovery.  At this juncture, American Express anticipates that it will conduct limited discovery regarding Plaintiff's social security number and her American Express credit card account(s) to determine whether Plaintiff's claims are subject to arbitration.

C.  Discovery should be conducted in phases:

☐  No.
☒  Yes; American Express states that discovery in this action should be conducted in phases, as detailed below.

**Defendant American Express:**

The first stage of discovery should be limited to discovery regarding Plaintiff's social security number and her American Express credit card account(s) to determine whether Plaintiff's claims are subject to arbitration. If American Express determines that Plaintiff's claims are not subject to an arbitration agreement between the parties, then American Express contends that the second stage of discovery would turn to the merits of Plaintiff's claims and American Express's defenses.

D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐  No.
☒  Yes; describe the issue(s).

One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:

1. The form or forms in which ESI should be produced.

2. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

3. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

4. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

    5. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

    6. Any issues relating to preservation of discoverable ESI.

    7. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall file a separate motion for a protective order and attach a copy of the proposed order to the motion. The parties should attempt to agree on protocols that minimize the risk of waiver. Any proposed protective order shall comply with Local Rule 1.09 and Section IV.F below on Confidentiality Agreements.

The parties do not foresee any problems with disclosure or discovery of electronically stored information ("ESI"), however, they will reserve the issues of ESI disclosure and discovery after the Initial Disclosures have taken place. The parties agree that discovery should be produced in an accessible, secure, and convenient manner and that disclosure of ESI should be handled consistent with the relevant Federal Rules of Civil Procedure. Finally, the parties have taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action and does not anticipate any issues at this time.

    E. ☐ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

The parties agree that there will be a need for discovery in this case to be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time. Such jointly proposed protective orders must include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to FED. R. CIV. P. 26(c). If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

    F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.

☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☒ American Express unilaterally requests special handling. Specifically, American Express requests that discovery be conducted in phases, as set forth above. American Express needs Plaintiff's personal identifying information, specifically her social security number, to investigate Plaintiff's allegations and to determine whether plaintiff's claims are subject to an arbitration agreement between Plaintiff and American Express.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

| | |
|---|---|
| **VARNELL & WARWICK, P.A.**<br>By:   /s/ Janet R. Varnell<br>Janet R. Varnell, FBN: 0071072<br>Brian W. Warwick, FBN: 0605573<br>Matthew T. Peterson, FBN: 1020720<br>Erika Willis, FBN: 100021<br>1101 E. Cumberland Ave., Ste. 201H, #105<br>Tampa, FL 33602<br>Telephone: (352) 753-8600<br>Facsimile: (352-504-3301<br>*jvarnell@varnellandwarwick.com*<br>*bwarwick@varnellandwarwick.com*<br>*mpeterson@varnellandwarwick.com*<br>*ewillis@varnellandwarwick.com*<br>*kstroly@varnellandwarwick.com* | /s/ Kingsley C. Nwamah (with express permission)<br>Brian C. Frontino<br>Florida Bar No. 95200<br>Kingsley C. Nwamah<br>Florida Bar No. 118364<br>STROOCK & STROOCK & LAVAN LLP<br>200 South Biscayne Boulevard, Suite 3100<br>Miami, Florida 33131<br>Telephone:  (305) 358-9900<br>Facsimile:  (305) 789-9302<br>bfrontino@stroock.com<br>ataormina@stroock.com<br>lacalendar@stroock.com<br><br>*Counsel for Defendant American Express National Bank* |

| | |
|---|---|
| BERGER MONTAGUE PC<br><br>By: _/s/ Hans W. Lodge_<br>Hans W. Lodge, MN Bar No. 0397012*<br>43 SE Main Street, Suite 505<br>Minneapolis, MN 55414<br>Telephone: (612) 607-7794<br>Fax: (612) 584-4470<br>Email: hlodge@bm.net<br>*_Admitted Pro Hac Vice_<br><br>ATTORNEYS FOR PLAINTIFF | /s/Charlotte Long (with express permission)<br>Charlotte Long<br>Florida Bar No. 0112517<br>clong@qslwm.com<br>Quilling, Selander, Lownds Winslett & Moser, P.C.<br>6900 N Dallas Parkway, Suite 800<br>Plano, TX 75024<br>(214) 560-5461<br>(214) 871-2111 Fax<br><br>_Counsel for Trans Union LLC_ |