**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PATRICIA M. GIBSON,**

   **Plaintiff,**

v.                Case No: 6:20-cv-2216-CEM-LRH

**AMERICAN EXPRESS COMPANY and**
**TRANS UNION, LLC,**

   **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO STRIKE DEFENDANT AMERICAN EXPRESS COMPANY'S AFFIRMATIVE DEFENSES (Doc. No. 26)** |
| **FILED:** | **February 19, 2021** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On December 4, 2020, Plaintiff Patricia M. Gibson instituted this action against Defendants American Express Company ("AMEX") and Trans Union, LLC. Doc. No. 1. Plaintiff seeks actual or statutory damages, punitive damages, and an award of attorney's fees for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. *Id.* Both Defendants have answered the complaint and asserted affirmative defenses. Doc. Nos. 22, 24. Now, Plaintiff moves to strike several of AMEX's affirmative defenses, including AMEX's second, fourth, fifth, eighth, ninth, twelfth, and thirteenth affirmative defenses. Doc. No. 26. AMEX opposes. Doc.

No. 29. Based on two issues raised by AMEX's response, the Court will deny the motion without prejudice.

First, AMEX raises concerns that Plaintiff failed to comply with Local Rule 3.01(g) prior to filing the motion. Specifically, Plaintiff's counsel sent an email to counsel for AMEX on the morning of the day the motion was filed, and approximately seven (7) hours after not receiving a response to the email, simply filed the motion. *See* Doc. No. 29-1, at 5–6. Plaintiff thereafter filed a supplemental Local Rule 3.01(g) certification stating that counsel for Plaintiff "has communicated via e-mail with counsel for Defendant" and that AMEX "opposes the filling of the motion to strike, but agrees to withdraw the affirmative defense of reservation of rights." Doc. No. 28. AMEX states that had Plaintiff properly conferred prior to filing the motion, she would have learned that AMEX was willing to withdraw two of the affirmative defenses at issue. Doc. No. 29, at 1.

The Court finds Plaintiff's email correspondence insufficient to satisfy the conferral obligations under Local Rule 3.01(g). To begin, a one-sentence email stating that Plaintiff will be filing a motion by "close of business" and simply asking whether AMEX opposes the motion, without any substantive discussion, is not a conferral. Rather it is more akin to an ultimatum. The Court construes the conferral obligations set forth in Local Rule 3.01(g) to include a substantive conversation, preferably in person, via telephone, or via other remote means, or at the least by detailed email correspondence, none of which occurred here. To the contrary, the email correspondence that followed merely (a) confirmed that the motion had been filed; (b) discussed AMEX's decision to eliminate one affirmative defense, without explanation; and (c) contained a back and forth debate over whether Local Rule 3.01(g) had ben satisfied. Nowhere does it appear

that the parties engaged in a substantive discussion about the merits of Plaintiff's motion, or AMEX's affirmative defenses.[1]

Second, in addition to AMEX's apparent agreement to withdraw two of the affirmative defenses (failure to state a claim; reservation of rights), in response to the motion, AMEX attempts to provide further clarity to several of its affirmative defenses, including by citing specific allegations of the complaint to support its defenses of laches; unclean hands; and offset. Doc. No. 29, at 11, 12, 13. Based on AMEX's agreement to withdraw two of the affirmative defenses, as well as its additional explanation in response to the motion, and given that those explanatory details are not contained within its Answer and Affirmative Defenses (Doc. No. 25), the Court finds it appropriate to allow AMEX to amend its Answer and Affirmative Defenses to withdraw the two affirmative defenses, and to provide additional explanation therein as it relates to the others, should it wish to do so.

Accordingly, it is **ORDERED** that AMEX shall file an amended Answer and Affirmative Defenses on or before **May 3, 2021**, to remove the two affirmative defenses that it has agreed to withdraw and to include further clarity as to its remaining affirmative defenses should it wish to do so. AMEX is reminded that affirmative defenses in this Court must state in short and plain terms the defenses to each claim asserted against it. Fed. R. Civ. P. 8(b). Although affirmative defenses do not have to be supported by detailed facts, they still must provide Plaintiff with fair notice of

---

[1] The Court places the blame on both parties for the failure to confer. According to the email correspondence, AMEX did not agree to remove the second affirmative defense until March 4, 2021, thirteen (13) days *after* the motion to strike had been filed. *See* Doc. 29-1, at 3. This statement runs somewhat contradictory to AMEX's assertion in its motion that had Plaintiff conferred prior to filing the motion that AMEX would have agreed earlier to remove *two* affirmative defenses. Going forward, the Court expects both parties to strictly adhere to the requirements of Local Rule 3.01(g) and all other applicable rules and orders.

each defense. *See, e.g.*, *Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-cv-1576-Orl-37TBS, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013).

Plaintiff may file a renewed motion to strike within **ten (10) days** after AMEX files an amended Answer and Affirmative Defenses, should she choose to do so and if she can support such motion under applicable law. However, prior to filing any such motion, Plaintiff must conduct a sufficient, good faith conferral with AMEX pursuant to Local Rule 3.01(g), which must include a substantive discussion on the merits of Plaintiff's motion. Any renewed motion to strike shall provide a detailed recitation of the conferral efforts prior to filing the motion.

Plaintiff is cautioned that "motions to strike under Federal Rule of Civil Procedure 12(f) are decidedly disfavored and are generally time wasters for the Court and counsel." *Erdogam v. Suntree Country Club, Inc.*, No. 6:14-cv-1991-Orl-41DAB, 2015 WL 12838848, at *1 (M.D. Fla. Feb. 10, 2015) (citation omitted). A motion to strike is a drastic remedy that will ordinarily only be granted if the material sought to be stricken is insufficient as a matter of law. *Arthurs v. Glob. TPA LLC*, No. 6:14-cv-1209-Orl-40TBS, 2015 WL 13652716, at *1 (M.D. Fla. Feb. 6, 2015) (citations omitted). A court should not strike an affirmative defense unless it is "shown that the allegations being challenged are so unrelated to [a party's] claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Erdogam*, 2015 WL 12838848 at *1. "An affirmative defense should survive if it comports with Rule 8(c)'s purpose—'guarantee[ing] that the opposing party has notice of any additional issue that may be raised at trial.'" *Hernandez-Hernandez v. Hendrix Produce, Inc.*, No. 6:13-cv-53, 2014 WL 726426, at *3 (S.D. Ga. Feb. 24, 2014) (alteration in original) (quoting *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988)). Accordingly, a renewed motion to strike should be filed only if Plaintiff can establish that a particular affirmative

defense has no possible relation to the controversy, and its presence in the proceedings may cause her prejudice.

As a final matter, the Court notes that in the motion to strike, Plaintiff cites to cases from the Southern District of Florida for the suggestion that the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 571–72 (2007), apply to affirmative defenses. Doc. No. 26, at 3. The undersigned agrees with the courts from this District holding to the contrary. *See, e.g.*, *Leveille v. Upchurch*, No. 3:19-cv-908-J-BJD-MCR, 2021 WL 1530728, at *2 (M.D. Fla. Apr. 19, 2021) ("This Court . . . is among the many and possibly the majority of courts in the Middle District of Florida that have determined the pleading requirements of *Iqbal* and *Twombly* do not extend to affirmative defenses."); *SB Holdings I, LLC v. Indian Harbor Ins. Co.*, No. 6:19-cv-668-Orl-40DCI, 2019 WL 5395780, at *1 (M.D. Fla. June 28, 2019) ("[T]he Court agrees with the line of cases holding that the heightened pleading standard set forth in *Twombly* and *Iqbal* does not apply to affirmative defenses."); *Gonzalez*, 2013 WL 5970721, at *3 (noting that Eleventh Circuit has not resolved the issue but collecting District Court cases and siding with the courts that have found *Iqbal*/*Twombly* standards inapplicable to assertion of defenses). Accordingly, any renewed motion to strike, should Plaintiff choose to file it, must keep in mind that affirmative defenses in this Court must only state in short and plain terms the defenses to each claim asserted against the defendant. Fed. R. Civ. P. 8(b).

Accordingly, upon due consideration, it is **ORDERED** as follows:

1. Plaintiff's Motion to Strike Defendant American Express Company's Affirmative Defenses (Doc. No. 26) is **DENIED without prejudice**.
2. On or before **May 3, 2021**, AMEX shall file an amended Answer and Affirmative Defenses as outlined in this Order.

3. Within ten **(10) days** of AMEX's filing of an amended Answer and Affirmative Defenses, Plaintiff may file a renewed motion to strike, should she choose to do so, as outlined in this Order.

**DONE** and **ORDERED** in Orlando, Florida on April 21, 2021.

*Leslie R. Hoffman*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record